UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANKLIN, | Case No. C11-586-JCC-JPD |
| Petitioner, | REPORT AND RECOMMENDATION |
| v. | |
| SNOHOMISH COUNTY SUPERIOR COURT | |
| Respondent. | |

 *Pro se* petitioner Scott Franklin applies to proceed *in forma pauperis* (Dkt. 8) with a proposed 28 U.S.C. § 2254 habeas petition (Dkt. 1-1). The Court recommends DISMISSING the habeas petition without prejudice because petitioner has failed to exhaust state-court remedies on the challenged criminal judgment and sentence of May 13, 2011. The Court also recommends DENYING the issuance of a certificate of appealability and DENYING as moot his application to proceed IFP (Dkt. 8) and motion for an extension of time to correct IFP deficiencies (Dkt. 6).

## I. DISCUSSION

 The exhaustion of state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275

(1971). A petitioner can satisfy exhaustion by either (1) fairly presenting each federal claim to the highest state court with jurisdiction to consider it, or (2) showing that no state remedy is available. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

On April 7, 2011, petitioner filed this proposed § 2254 habeas petition to challenge a May 13, 2011, judgment and sentence by guilty plea in Snohomish County Superior Court. *See State v. Franklin*, No. 10-1-02182-0 (Snohomish Cnty. Super. Ct., entry dated May 13, 2011), *located at* http://dw.courts.wa.gov/ (last accessed on June 6, 2011). Although there is no indication about whether petitioner intends to appeal or has appealed his conviction, it is clear that he has yet to afford the state courts one full opportunity to resolve his federal constitutional claims.

Petitioner's § 2254 habeas petition should be dismissed without prejudice for failure to exhaust state-court remedies. Petitioner should be denied the issuance of a certificate of appealability because no reasonable jurist would disagree with this conclusion. His IFP application and motion to extend time to correct IFP deficiencies are moot.

## II. CONCLUSION

The Court recommends DISMISSING the 28 U.S.C. § 2254 habeas petition without prejudice because petitioner has failed to exhaust state-court remedies on the challenged judgment and sentence of May 13, 2011. The Court also recommends DENYING the issuance

\\

\\

\\

\\

\\

REPORT AND RECOMMENDATION
PAGE - 2

1    of a certificate of appealability and DENYING as moot his application to proceed IFP (Dkt. 8)

2    and motion for an extension of time to correct IFP deficiencies (Dkt. 6).

3            DATED this 9th day of June, 2011.

4                                        *James P. Donohue*

5                                        _____
                                         JAMES P. DONOHUE
6                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 3