THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SCOTT FRANKLIN, <br><br> Petitioner, <br><br> v. <br><br> SNOHOMISH COUNTY SUPERIOR COURT, <br><br> Respondent. | CASE NO. C11–0586–JCC <br><br> **ORDER** |

This matter comes before the Court on the report and recommendation of Magistrate Judge James P. Donohue. (Dkt. No. 10). Having thoroughly considered the report and recommendation, the Court ADOPTS the report and recommendation, DENIES without prejudice the Petitioner's petition for writ of habeas corpus, DENIES the issuance of a certificate of appealability, and DENIES as moot Petitioner's application to proceed *in forma pauperis* and motion to extend time.

# I. BACKGROUND

On May 13, 2011 the Snohomish County Superior Court entered a guilty judgment against Petitioner for felony harassment. Prior to this judgment, Petitioner filed a petition for writ of habeas corpus, and applied to proceed *in forma pauperis* on April 7, 2011. (Dkt. 1–1; Dkt. 1). Petitioner moved to extend time on May 12, 2011. (Dkt. 6).

Petitioner nowhere demonstrates he has exhausted all state-court remedies before filing his petition. He has appealed his judgment of conviction, but no court has heard his appeal yet. (Dkt. 1–1). Petitioner also writes that he has not sought further review of his judgment by a higher state court. (Dkt. 1–1).

# II. RELEVANT LAW

## A. Law of Habeas Corpus

Prior to petitioning for habeas corpus relief, a petitioner must exhaust all available state-court remedies, or show that no effective state-court remedy exists. 28 U.S.C. § 2254(b). A showing of exhaustion of state-court remedies requires the petitioner to fairly present his claim to the highest state court with jurisdiction to consider it. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). To achieve exhaustion, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If the federal district court finds that the petitioner has failed to exhaust his state-court remedies then the court may dismiss the petition without prejudice to allow the petitioner to return to state court to exhaust his state-court remedies. *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002). The petitioner bears the burden of proving exhaustion. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

### B. Law of Certificate of Appealability

Following its issuance of a final order denying a habeas petition, a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c). When a district court denies a habeas petition on procedural grounds, a substantial showing of the denial of a constitutional right requires the prisoner to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The substantial showing of a denial of a constitutional requirement is a two-part threshold test, and the district court may deny the habeas petition for failing to meet the procedural threshold without addressing the application's constitutional issues. *Id.* at 485.

Where a district court correctly invokes a plain procedural bar to dispose of the petition for writ of habeas corpus, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. Such petitions with plain procedural bars do not warrant issuance of a certificate of appealability. *Id.*

## III. DISCUSSION

Because the Petitioner has failed to exhaust his state-court remedies prior to filing his petition for habeas corpus relief, his petition is denied without prejudice for lack of jurisdiction. Because reasonable jurists would not disagree with the Court's conclusion that Petitioner has failed to exhaust his state-court remedies prior to filing his petition for habeas corpus relief, the certificate of appealability shall not issue. Because the Court denies Petitioner's petition for relief

for lack of jurisdiction, the Court denies as moot Petitioner's application to proceed *in forma pauperis* and motion to extend time.

### A. Petitioner Has Failed to Exhaust His State-court Remedies

The facts of Petitioner's case show that he has failed to exhaust his state-court remedies before filing his habeas petition. Because Petitioner has not yet completed the appeal of his judgment, nor sought further review of his judgment by a higher state court, Petitioner has not presented his case to the highest state court with jurisdiction to consider it. *See Johnson v. Zenon*, 88 F.3d at 829. Petitioner, by not presenting his case to the highest state court, has deprived the state courts of a full opportunity to resolve any constitutional issues through appellate review. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. Because Petitioner has not afforded the Washington appellate courts one full opportunity to resolve his constitutional issues, he has failed to exhaust his state-court remedies prior to filing his petition for habeas corpus relief. *See Id*. The Court must dismiss the petition for habeas corpus relief without prejudice because Petitioner has failed to exhaust his state-court remedies. *See Franklin v. Johnson*, 290 F.3d at 1231.

### B. Petitioner's Plain Procedural Bar Does Not Warrant a Certificate of Appealability

Because no reasonable jurist would conclude that this Court has erred in dismissing this petition for lack of jurisdiction, the certificate of appealability shall not issue. Petitioner's petition indisputably demonstrates that the state courts have not yet heard his appeal from judgment and that Petitioner has not yet sought further review by a higher state court. Based on this showing of unexhausted state-court remedies, the dismissal of the petition does not constitute a denial of a constitutional right because no reasonable jurist would find the Court's procedural ruling debatable. 28 U.S.C. 2253(c); and *see Slack v. McDaniel*, 529 U.S. at 484.

Because Petitioner's failure to exhaust state-court remedies is indisputable, this failure is a plain procedural bar; therefore, the certificate of appealability shall not issue. *See Slack v. McDaniel*, 529 U.S. at 484. Due to the plain procedural bar, the merits of Petitioner's claim of denial of constitutional rights need not be addressed. *See Id*. at 485. Because of the indisputable nature of Petitioner's procedural defect, the certificate of appealability shall not issue.

## IV. CONCLUSION

For the aforementioned reasons, the Court ADOPTS the report and recommendation, DENIES without prejudice the Petitioner's petition for writ of habeas corpus, DENIES the issuance of a certificate of appealability, and DENIES as moot Petitioner's application to proceed *in forma pauperis* and motion to extend time. The Clerk of Court shall send copies of this order to Petitioner, Respondent, and Magistrate Judge James P. Donohue.

SO ORDERED this 29th day of July, 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE